### ARNETT et al. v. FARRIS et al.

Court of Appeals of Kentucky.

June 15, 1951.

Chester A. Bach, Jackson, for appellants.

G. C. Allen, Jackson, M. F. Patrick, Salyersville, for appellees.

CAMMACK, Chief Justice:

This appeal is from a judgment setting aside a deed dated October 15, 1925, from A. C. Cooper to one of his daughters, Mrs. Lillie Arnett, the appellant in this action. Cooper died in June, 1930. He was survived by his widow, Mrs. Sarah Cooper, several children, including Mrs. Lillie Arnett, and a son of a deceased daughter. Immediately after the death of her father Mrs. Arnett instituted an action wherein she sought a division of her father's real estate. A division of the land was had and the tract, which is the subject of this litigation, was set aside to Mrs. Cooper as her dower interest. Two days after Mrs. Cooper's death in January, 1946, Mrs. Arnett lodged for record the 1925 deed which conveyed to her the identical property which had been set aside to her mother, Mrs. Cooper, as dower.

The other heirs filed this action seeking to set aside the deed on the ground that Mr. Cooper was not mentally capable of disposing of his property in 1925, and the purported deed was a forgery.

As is usually true in cases of this kind, there is sharp conflict in the proof, especially that surrounding the execution of the deed. There was some proof showing that Mr. Cooper was not capable of making a deed in 1925, five years before his death. However, it does not appear upon which ground the chancellor based his decision. We think, however, there was sufficient evidence to support a finding that the deed was a forgery.

There are present some rather unusual circumstances in this case. When Mr. Cooper died in 1930, Mrs. Arnett was the heir who first sought a division of his real estate. She said nothing at that time about having a deed to a part of the land. Mrs. Sarah Cooper took possession of the land Mrs. Arnett now claims and lived on it 16 years. During that period nothing was said about the deed. Only two days after her mother's death Mrs. Arnett had the deed recorded. She attempted to explain her failure to have it recorded earlier by saying that her father requested her to withhold its recordation until after he and Mrs. Cooper had died. Certainly there is more than a suspicion of irregularity under

these circumstances. There was proof that the signatures on the deeds were authentic, and there was proof that they were forgeries.

Since we have no more than a doubt on the whole case as to the correctness of the chancellor's ruling, we are disposed to approve his finding.

Judgment affirmed.